UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OTIS ARRINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 21-cv-2084-MMM |
| | ) | |
| **J.B. PRITZKER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*. The Court must dismiss a complaint "at any time" if a plaintiff attempts to proceed *in forma pauperis* in an action which is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

On June 21, 2019, Plaintiff underwent a hearing in state court in Vermilion County, Illinois. There, he was civilly committed under the Illinois Sexually Violent Persons Act ("Act"), 725 ILCS 207-10 et seq. Plaintiff alleges that at the commitment hearing, psychiatrist Dr. Paul Heaton falsely testified as to Plaintiff's prior criminal history. Plaintiff claims that he was denied due process as the Act unconstitutionally provides immunity for testifying mental health providers, thus "allow[ing] the state to use perjured testimony." Plaintiff alleges that the Office

of Governor Pritzker has been made aware of Plaintiff's complaint but has failed to take action. Plaintiff requests injunctive relief only, that the Act be found unconstitutional and that he be immediately released.

## ANALYSIS

Here, Plaintiff is clearly contesting the fact of his civil detention, requesting release from custody. As a civilly committed sexually violent person ("SVP"), Plaintiff may not challenge his civil commitment in a § 1983 civil rights action. *See Schloss v. Reidda*, No.10-3855, 2010 WL 2891635, at *1 (N.D. Ill. July 20, 2010) (applying bar of *Heck v. Humphrey,* 512 U.S. 477, 487 (1994) to SVP plaintiff). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Schloss*, 2010 WL 2891635, at *1 (citing *Heck,* 512 U.S. at 487).

A challenge to the constitutionality of the commitment proceedings is recognized as a challenge to the detention itself. *Schloss*, 2010 WL 2891635 at *1(a finding that the civil commitment proceedings "deprived [plaintiff] of due process would certainly call into question the validity of the orders of commitment." *See Smego v. Weitl*, No.13-3068, 2013 WL 1964817, at *2 (C.D. Ill. May 10, 2013) (claim that SVP plaintiff remained detained due to the evaluator's deliberately false report was a challenge to the detention.) *See Rooding v. Peters*, 864 F. Supp. 732, 739 (N.D. Ill. 1994) (*Heck*-bar applies to requests for declaratory and injunctive relief which, if allowed, would result in "immediate or speedier release.")

If Plaintiff wishes to challenge the fact of his commitment, he must "first petition for habeas corpus relief under 28 U.S.C. § 2254, which applies equally both to civil commitments

and criminal convictions; Plaintiffs, who are confined civilly at Rushville are 'in custody' for purposes of the habeas corpus statute." *Schloss*, 2010 WL 2891635, at *1.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed in forma pauperis [3] is DENIED.

2) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff's complaint is *Heck*-barred.


 9/22/2021                                  s/Michael M. Mihm
ENTERED                                MICHAEL M. MIHM
                                  UNITED STATES DISTRICT JUDGE